FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 30, 2018

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SILVIA M.,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br>Defendant. | No. 1:17-cv-03176-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff Silvia M's Motion for Summary Judgment, ECF No. 12, and Defendant Commissioner of the Social Security Administration's Cross-Motion for Summary Judgment, ECF No. 14. The motions were heard without oral argument. Plaintiff is represented by D. James Tree; Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Catherine Escobar.

**Jurisdiction**

On October 22, 2012, Plaintiff filed a Title II application for disability insurance benefits as well as a Title XVI application for supplemental income. Plaintiff alleges an onset date of September 18, 2012.

Plaintiff's application was denied initially and on reconsideration. On August 10, 2015, Plaintiff appeared and testified in Yakima, Washington before the ALJ at a video hearing while the ALJ presided from Seattle, Washington. The

ALJ issued a decision on June 6, 2016, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on August 22, 2017. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on October 17, 2017. The matter is before this Court under 42 U.S.C. § 405(g).

**Sequential Evaluation Process**

The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activity? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 416.971. If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 416.908-.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 416.920(f). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 416.920(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id.* At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

//

//

**Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**Statement of Facts**

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here.

Plaintiff immigrated to the United States from Mexico in 1980. She was assisted at the hearing by a Spanish interpreter and does not speak English. She completed the 6th grade. She was married, but divorced in 2000. She reports that she experienced domestic violence at the hands of her husband. She also

experienced a workplace accident in 1995. Her hand was severely cut after it was pulled into a moving machine. She went to physical therapy for about five years to regain the use of her hand. Due to the broken bones and severed tendons, her hand is deformed. She has past work in California at labs where they made cosmetics. She worked from 1997 to 2000 as a salesperson for retail stores. From 1999 to 2005, she worked as an assembly worker in factories, and in 2007 to 2012, she worked as a sorter in a fruit warehouse.

In February 2011, Plaintiff was assaulted by her boyfriend. He hit her in the head with a screwdriver and she lost consciousness. He also kicked her. She ended up with bruises all over. Since that assault, she developed chronic pain symptoms, including headaches, neck pain, dizziness, and atypical facial pain. She also experiences back pain. MRI imaging reveals moderately severe degenerative stenosis. In January, 2012, Plaintiff became dizzy and fainted at work. The record demonstrates that she has numerous visits to the emergency room where she complains of pain, numbness, and weakness in her extremities.

In September, 2012, she was diagnosed with Multiple Sclerosis and it was at that time that she quit working. Subsequent testing and examinations ruled out this disease, although Plaintiff continues to suffer with chronic pain, as well as dizziness, blurry vision, and frequent falls. She has trouble sleeping and experiences nightmares, although at the hearing, she testified that she recently began medication that is helping with the nightmares. At times she has difficulty walking because of the pain.

She rents a room from a friend, who helps her with her daily living tasks, including giving rides to get groceries, opening cans for cooking, and picking up things that are too heavy. She is unable to go out in public by herself. She is unable to tie her shoes, or button shirts. She usually wears shorts or sweats. She indicates that she has periods where she is depressed, sad, and cries.

**The ALJ's Findings**

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. AR 34.

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 18, 2012. AR 34.

At step two, the ALJ found Plaintiff has the following severe impairments: degenerative disc disease; status post history of right hand fracture; diabetes mellitus; hypertension; affective disorder; somatoform disorder. AR 34. The ALJ specifically found the following impairments to be non-severe: headaches, hypertension and mild left shoulder degenerative changes at the acromioclavicular(AC) joint. AR 34. The ALJ also held the evidence does not show that multiple sclerosis (MS) is medically determinable nor does it establish fibromyalgia. AR 34-35.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR 21. Specifically, the ALJ reviewed Sections 1.02 (major dysfunction of a joint), 1.04 (disorders of the spine), 1.07 (fracture of an upper extremity), 12.04 (affective mental disorders), and 12.07 (somatic symptom and related disorders) of the listings of impairments.

The ALJ concluded that Plaintiff has the residual functional capacity to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.7(b), including the ability to do the following. She can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently. She can sit, stand and/or walk 6 hours in an 8 hour workday with normal breaks. She can frequently climb ramps and stairs. She can occasionally climb ladders, ropes, or scaffolds. She can frequently balance and crouch. She can frequently engage in gross handling, and fine fingering with the bilateral upper extremities. She can reach overhead with the right upper extremity occasionally. She can stoop, kneel and crawl occasionally. She must avoid concentrated exposure to extreme cold, heat and noise. She has sufficient concentration to understand, remember and carry-out simple, repetitive tasks with usual and customary breaks throughout an 8 hour workday. She can work

> superficially and occasionally with the general public. "Superficial" means that she can refer the public to others to respond to their demands/requests, but does not have to resolve them herself. She can respond to changes in the workplace as would be required only for simple, repetitive work.

AR. 37. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. AR 44.

At step five, the ALJ found Plaintiff could perform other work which exists in significant numbers in the national economy, including positions such as hand packagers or housekeeper. AR 45.

**Issues for Review**

1. Whether the ALJ properly evaluated the opinions of Plaintiff's treating physician and evaluating physician;

2. Whether the ALJ properly determined Plaintiff's residual functional capacity findings; and

3. Whether the ALJ reasonably evaluated Plaintiff's symptom testimony.

**Discussion**

*1. Whether the ALJ properly considered and weighed the opinion evidence*

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion evidence. Specifically, she argues the ALJ improperly limited the weight of the opinions of her treating physician, Dr. Jacir-Marcano, and reviewing doctor, Dr. Palasi.

The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2); *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of

the treatment relationship, supportability, consistency with the record, and specialization of the physician. 20 C.F.R. § 404.1527(c)(2)-(6); *Id.* "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject it only by providing specific and legitimate reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 675 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

**1. Dr. Jacir-Marcano**

The ALJ gave little weight to Dr. Jacir-Marcano's October, 2012 opinion that Plaintiff was unable to sustain even sedentary work. She ultimately concluded that "Dr. Jacir may have exaggerated the severity of Plaintiff's medical condition in an attempt to help her obtain medical insurance." AR 43. The ALJ believed that Dr. Jacir-Marcano relied too heavy on Plaintiff's subjective complaints and not on the objective medical evidence. In early October, 2012, Dr. Jacir-Marcano indicated that Plaintiff may have multiple sclerosis because an MRI indicated demyelinating plaques of the left parietal lobe. Notably, he wrote that this diagnosis was confirmed by a neurosurgeon, but that Plaintiff was being referred to the University of Washington. AR 749. After visit to the University of Washington, doctors, including Dr. Jacir-Marcano, concluded that it was doubtful that she had MS.

Here, the ALJ erred in rejecting Dr. Jacir-Marcano's opinions by accusing him of exaggerating Plaintiff's symptoms so she could obtain disability benefits. The record indicates that Dr. Jacir-Marcano obtained the MS diagnosis from a neurologist. It was reasonable and appropriate for him to rely on this diagnosis. It

is also clear from the record that once further testing indicated that MS was not the correct diagnosis, Dr. Jacir-Marcano continued to treat Plaintiff and to try to determine what was causing her pain. The ALJ relied on speculation to reject his opinion. This was error, especially in light of the extensive record of treatment provided by Dr. Jacir-Marcano. A review of the records indicates that Dr. Jacir-Marcano's opinion is based on clinical observations, rather than just Plaintiff's self-reports. The ER visits and visits to Water's Edge for pain management, including steroid injections also support and corroborate Dr. Jacir-Marcano's ultimate conclusions. It was improper for the ALJ to reject Dr. Jacir-Marcano's opinions without considering his significant experience in treating her symptoms that are documented in his treatment notes.

In October, 2012, based on the MS diagnosis provided by a neurosurgeon, Dr. Jacir-Marcano indicated that Plaintiff was severely limited and unable to complete sedentary work due to Multiple Sclerosis because an MRI indicated the presence of demyelinating plaques over her left parietal lobe. AR 1165-65. Dr. Jacir-Marcano's opinion was based on a neurosurgeon's diagnosis and was not based on speculation.

In October, 2014, Dr. Jacir-Marcano indicated that Plaintiff was severely limited and unable to complete sedentary work due to her diabetic neuropathy and chronic pain syndrome. AR 1190. Dr. Jacir-Marcano's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in Plaintiff's case record.

The ALJ erred in giving little weight to Plaintiff's treating physician's opinion.

//

//

2. **Dr. Myrna Palasi**

The ALJ gave little weight to Dr. Palasi's opinion because she provided the opinion for the Department and Social and Health Services (DSHS) purposes. While not bound to accept the determinations from other agencies, it was error to reject the opinion outright without considering the reliability and supportability of the opinion. SSR 06-03p (stating that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered"). The ALJ failed to provide persuasive, specific, and valid reasons for not according the Washington State decision great weight. Moreover, Washington State uses the same five-step sequential analysis that SSA uses to determine disability. *See* WAC 388-449-0005 through 388-449-0100; *see also* WAC 338-449-0001(e) ("The SEP is the sequence of five steps. Step 1 considers whether you are currently working. Steps 2 and 3 consider medical evidence and whether you are likely to meet or equal a listed impairment under Social Security's rules. Steps 4 and 5 consider your residual functional capacity and vocational factors such as age, education, and work experience in order to determine your ability to do your past work or other work"). The ALJ erred in rejecting Dr. Palasi's opinion. *See e.g. Holbrook v. Berryhill*, 696 Fed. Appx. 846 (9th Cir. 2017) (unpublished memorandum).

Dr. Palasi completed a Medical Review for the Washington State Department of Social and Health Services. She indicated she agreed with a "less than sedentary RFC." AR 1094. The ALJ's rejection of this opinion is not supported by substantial evidence.

*2. Evaluation of Plaintiff's credibility*

Plaintiff argues the ALJ improperly discredited her symptom claims. The ALJ provided the following reasons for discrediting Plaintiff's symptom claims: (1) Dr. Toews' assessment indicates that despite her

allegations, Plaintiff does not have any memory deficits or impairments and her mood had stabilized by September, 2015; (2) Plaintiff has a history of being non-compliant; and (3) physical examinations in 2015 indicate range of motion testing was normal for the upper extremities as well as her back and fingers.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186. Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2) Plaintiff "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn*, 495 F.3d at 639 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Here, the ALJ's credibility assessment is not supported by the record. There is nothing in the record to suggest that if Plaintiff had been compliant with her diabetes treatment, she would not experience chronic pain. Rather, the record substantially supports the conclusion that Plaintiff's chronic pain started after she was assaulted by her boyfriend.

Moreover, the ALJ failed to adequately take into consideration the entire record, including her numerous trips to the emergency room, and the fact that she received numerous injections for her chronic pain. Nowhere in the record does any doctor suggest that she is medication seeking, or that she is exaggerating her symptoms. On the contrary, the record indicates Plaintiff has a "long history of waxing and waning neurological symptoms including vision, upper and lower extremity pain and weakness." AR 755. The ALJ's credibility assessment is not supported by substantial evidence in the record. The ALJ's reasons for discrediting Plaintiff's symptoms are not convincing.

*3. Whether the ALJ's error were harmless*

The ALJ concluded that Plaintiff has the residual functional capacity to perform light work with certain limitations and concluded that she was not disabled because she could complete the job of hand packagers or housekeeper This RFC is not supported by substantial evidence. Notably, the ALJ failed to provide a medical basis for the manipulative limitations that she set in Plaintiff's RFC. It is clear from the record that Plaintiff has some degree of limitation in the use of her hands;

however, no doctor has ever offered an opinion as to the severity of this limitation. This was not harmless error.

Additionally, the ALJ failed to account for the fact that the record substantially demonstrates that chronic pain would likely interfere with Plaintiff's ability to sustain a complete work day or work week.

Finally, the ALJ erred in concluding that Plaintiff is able to communicate in English. AR 44. This is incorrect. It is clear from the record that Plaintiff only communicates in Spanish and needs an interpreter in order to communicate in English. The ALJ utilized an interpreter for the hearing. Dr. Toews utilized an interpreter to conduct his psychological assessment. Medical records indicate that medical providers communicate with Plaintiff in Spanish, or use interpreters.

The medical-vocational rules provide that a finding of "disabled" is warranted for individuals age 45–49 who: (i) Are restricted to sedentary work; (ii) Are unskilled or have no transferable skills; (iii) Have no past relevant work or can no longer perform past relevant work; and (iv) Are unable to communicate in English, or are able to speak and understand English but are unable to read or write in English. 20 C.F.R. pt. 404, subpt. P, app. 2, §201.00(h)(1). Section 201.09 of Table 1[1] indicates that an individual whose RFC is sedentary, who is closely approaching advanced age, who has limited or less education, and has prior unskilled work is considered disabled. Section 201.17 indicates that an individual whose RFC is sedentary who is a younger individual age 45–49, is illiterate or unable to communicate in English, and has prior unskilled work is disabled.

Section 202.09, which covers the RFC for light work, indicates that a claimant who is closely approaching advanced age (ages 50-54), is illiterate or unable to communicate in English and who has prior unskilled work experience is

---

[1] Table 1: Residual Functional Capacity: Maximum Sustained Work Capability Limited To Sedentary Work As A Result Of Severe Medically Determinable Impairment(s).

disabled. Plaintiff was 49 years old and 5 months at the time she applied for benefits. While not dispositive, the Court notes that if Plaintiff had waited a mere seven months to file for benefits, the ALJ's RFC of light work would mandate that Plaintiff be deemed disabled. She was 53 years at the time of the ALJ's decision.

**Conclusion**

The ALJ erroneously rejected medical opinion evidence and Plaintiff's symptom testimony. The only question then, is whether to remand a case for additional evidence or simply award benefits. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). The Ninth Circuit has instructed that where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand," the court should remand for an award of benefits. *Trevizo*, at 683.

Here, remand for the calculation and award of benefits is warranted. There are no outstanding issues that require resolution and there is no serious doubt that Plaintiff is disabled. As such, remanding for an immediate award of benefits is proper. The ALJ erred in determining that Plaintiff was capable of light work. Moreover, even if Plaintiff were able to complete sedentary work, the medical-vocational rules mandate that she be deemed disabled.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

3. The decision of the Commissioner denying benefits is **reversed** and **remanded** for an award of benefits, with a disability onset date of September 18, 2012.

4. The District Court Executive is directed to enter judgment in favor of

Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 30th day of July 2018.



Stanley A. Bastian
United States District Judge